**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-01796-001-TUC-JGZ (JR) |
| Plaintiff, | **ORDER** |
| v. | |
| Chris Paul Snow, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Limit Impeachment of Defense Witnesses. (Doc. 138.) Defendant seeks to preclude the Government from impeaching two defense witnesses with collateral details and circumstances of their prior convictions. The United States of America filed a response to Defendant's motion. (Doc. 141.) The Government states that it does not intend to introduce details and circumstances of these two witnesses' convictions, but also argues that it should be permitted to impeach one of these witnesses with a prior conviction that is more than ten years old, and to impeach a third witness with a dated conviction. Having reviewed the parties' submissions, the Court rules as follows.

**1. Witness LeFleur**

Jeffory LaFleur was convicted of child molestation on January 24, 2003 and was sentenced to 68-months of imprisonment. LaFleur was released from incarceration on November 9, 2006.

Federal Rule of Evidence 609(b) limits the use of a conviction "if more than 10

years have passed since the witness's conviction or release from confinement for it, whichever is later." Under Rule 609(b), evidence of such a conviction is admissible "only if . . . its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1).

The Government argues that the "evidence of this witness's felony conviction is highly probative and substantially outweighs any prejudicial effect." The Government also asserts that "witness credibility is central to the trial." The Government fails to point to specific facts and circumstances underlying the conviction that are probative of credibility, and relies solely on the fact of conviction and the length of the term of imprisonment. The Court is not persuaded that LaFleur's seventeen-year-old conviction for child molestation is highly probative of his credibility and that it substantially outweighs any prejudicial effect. Therefore, the Court will preclude the government from impeaching LeFleur's credibility with this conviction, absent LeFleur opening the door to its admission.

**2. Witness Quintero**

Isidro Quintero was convicted of a domestic violence / disorderly conduct offense on December 4, 2009. Defendant does not contest the admissibility of Quintero's conviction. However, Defendant asserts that the cross-examination of Hendrick "must be confined to only the fact of conviction and not delve into any collateral facts." The Government is in agreement and seeks to introduce evidence of the conviction, the general nature of the offense, and the punishment range for the purpose of impeaching the witness's credibility.

"[A]bsent exceptional circumstances, evidence of a prior conviction admitted for impeachment purposes may not include collateral details and circumstances attendant upon the conviction." *United States v. Sine*, 493 F.3d 1021, 1036 n.14 (quoting *United States v. Rubio*, 727 F.2d 786, 797 n.5 (9th Cir. 1983)). "Generally, 'only the prior conviction, its general nature, and punishment of felony range [are] fair game for testing'" a witness' credibility. *United States v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009) (quoting *United States v. Albers*, 93 F.3d 1469, 1480 (10th Cir. 1996)).

Accordingly, the Court will allow the Government to impeach Quintero with the prior conviction, its nature, and the term of imprisonment. The Government is precluded from introducing collateral details of Quintero's conviction.

### 3. Witness Hendrick

Linda Hendrick was convicted of a dangerous drug violation and a drug paraphernalia violation on November 24, 2014. Defendant does not challenge the admissibility of Hendrick's conviction for impeachment purposes but seeks to limit the scope of impeachment to the fact of conviction. For the reasons stated above, the Court concludes the Government may impeach Hendrick with the prior conviction, its nature, and its punishment. *See Osazuwa*, 564 F.3d at 1175.

The Government also seeks to impeach Hendrick with an April 19, 1979 conviction for fraud. The Government contends that this conviction involves a dishonest act or false statement by the witness and is therefore admissible under Federal Rule of Evidence 609(a)(2), which provides, "for any crime regardless of punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement." However, "subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later." Fed. R. Evid. 609(b); *see United States v. Caudle*, 48 F.3d 433, 435 (9th Cir. 1995) (noting that convictions involving dishonesty are automatically admissible only if they are less than ten years old). Under subdivision (b), evidence of a conviction that is older than ten years is admissible only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1).

The Government argues that because witness credibility is central to the trial and the conviction involves dishonesty, the probative value of the conviction substantially outweighs any prejudicial effect. However, the Government fails to provide the Court with specific facts or circumstances underlying this forty-year-old conviction. Therefore, even though the conviction is for fraud, the Court is not persuaded that its probative value

substantially outweighs it prejudicial effect. The Court will preclude the Government from impeaching Hendrick's credibility with this conviction, absent Hendrick opening the door to its admission.

Accordingly,

**IT IS ORDERED** that Defendants Motion to Limit Impeachment of Defense Witnesses (Doc. 138) is **GRANTED IN PART AND DENIED IN PART**.

Dated this 18th day of August, 2020.

_____
Honorable Jennifer G. Zipps
United States District Judge