**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-01796-TUC-JGZ (JR) |
| Plaintiff, | **ORDER** |
| v. | |
| Chris Paul Snow, | |
| Defendant. | |

Pending before the Court is Defendant Chris Paul Snow's "FRAP 10(C) STATEMENT OF THE EVIDENCE." (Doc. 223.)   In the filing, Defendant requests that the Court settle and approve a statement of evidence relating to video playback by the case agent during jury deliberations.

Rule 10(c) of the Federal Rules of Appellate Procedure provides:

If the transcript of a hearing or trial is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement must be served on the appellee, who may serve objections or proposed amendments within 14 days after being served. The statement and any objections or proposed amendments must then be submitted to the district court for settlement and approval. As settled and approved, the statement must be included by the district clerk in the record on appeal.

Fed. R. App. P 10(c).

Defendant's filing does not include a proposed statement of evidence for the Court to settle and approve, pursuant to Rule 10(c).  Defendant, through counsel, relates that Defendant's prior counsel thinks that jurors were shown, during jury deliberations, a surveillance video that had been admitted into evidence. Counsel states that he is not able to contact Defendant, likely due to Defendant receiving medical treatment, to obtain Defendant's recollection. Counsel reports that the prosecutor, AUSA Angela Woolridge, recalls that the jury rendered a verdict without viewing the video.

Defendant's submission includes a transcript showing that the Court informed the jury of the procedure that would be employed if the jurors wanted to view a video during their deliberations.  However, there is no indication in the record that the jurors requested to see any of the video exhibits or that the jurors were shown a video during their deliberations. Copies of juror notes are maintained by the Court and there is no juror note requesting a viewing.  Notably, neither the Court nor the courtroom deputy recall that the jury requested to view a video exhibit or that the jury was shown a video exhibit during deliberations, and the record does not support an inference that a viewing occurred. According to the record of Court proceedings, the jury was released for deliberations at 2:32 and rendered its verdict in the courtroom at 3:38, sixty-six minutes later.  Court was in session for 52 minutes prior to the jury rendering its verdict and hence, the courtroom deputy was not available to arrange for showing of a video.  In fact, showing the video would have required substantial time and effort.  In addition to Court being in session, the jury was deliberating on a different floor, due to Covid-19 protocols, and showing the jury a video would have required the courtroom deputy to return the jury to the Special Proceedings courtroom on the second floor or make arrangements for computer equipment to be brought to jurors in the jury assembly room on the first floor.

//

//

- 2 -

Thus, for the foregoing reasons, and because there is no statement of evidence to approve, IT IS ORDERED that the request for a "FRAP 10(c) Statement of Evidence" (Doc. 223) is DENIED.

Dated this 4th day of November, 2021.


_____
Honorable Jennifer G. Zipps
United States District Judge